UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alexander Gomez,

Plaintiff,

vs.

Fifth Connection Realty, Inc. and
Cafe De Colombia Delights Inc,

Defendants.

**COMPLAINT**

Plaintiff, ALEXANDER GOMEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, FIFTH CONNECTION REALTY, INC. and CAFE DE COLOMBIA DELIGHTS INC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 31-15 Steinway Street, Astoria, NY 11103 doing business as "AGAVE 31" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, ALEXANDER GOMEZ, is over the age of 18, *sui juris*, and a resident of Bronx County, New York. Plaintiff suffers from a spinal cord T-12 injury, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, FIFTH CONNECTION REALTY, INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, FIFTH CONNECTION REALTY, INC., is the owner of the Subject Premises.

**6.** Defendant, CAFE DE COLOMBIA DELIGHTS INC, is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant/bar "AGAVE 31" located at the Subject Premises.

**7.** Pursuant to New York State Liquor Authority records, Defendant, CAFE DE COLOMBIA DELIGHTS INC, d/b/a "AGAVE 31" was issued an On Premises Liquor license on June 1, 2026 for the Subject Premises.

**8.** AGAVE 31 is a Mexican restaurant and bar offering a variety of Mexican cuisine, including tacos, quesadillas, fajitas, and other food and beverage items, as well as specialty cocktails and other alcoholic and non-alcoholic beverages, to members of the general public in a casual dining and social setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. AGAVE 31 is located at 31-15 Steinway Street in Astoria, Queens, along a busy commercial corridor containing numerous restaurants, bars, cafés, neighborhood shops, and other retail and entertainment establishments. The Plaintiff appreciates the Mexican food offerings,

specialty beverages, and dining experience provided at AGAVE 31, as well as the opportunity to patronize the restaurant while dining, shopping, and conducting other business in the surrounding Astoria area. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** Most recently on or about September 22, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**10.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**11.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**12.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**13.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with

the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**14.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**15.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**16.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**17.** Most recently on or about September 22, 2026, Plaintiff accessed the Subject Premises but was unable to do so equally due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**18.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**19.** Plaintiff has family members, including cousins, who reside in the Astoria area of Queens, New York. Plaintiff regularly spends time with his cousins and frequently stays at their residence approximately three days per week. During these visits, Plaintiff and his family members regularly spend time together in the surrounding Astoria neighborhood, particularly in areas

containing numerous restaurants, bars, lounges, and other establishments offering dining, entertainment, and recreational opportunities. Plaintiff enjoys spending time in this area because of its variety of establishments and its convenient proximity to his cousins' residence.

**20.** Plaintiff regularly frequents the Astoria area at least twice per week to dine, socialize, and spend time with family members. AGAVE 31 is located approximately thirteen minutes from his cousins' residence, making it a convenient dining and social destination during his frequent stays in the neighborhood. Plaintiff appreciates the Mexican cuisine, specialty cocktails, and casual dining atmosphere provided at AGAVE 31 and is interested in patronizing the restaurant while spending time with his family and enjoying the surrounding neighborhood.

**21.** On or about September 22, 2026, Plaintiff personally visited and entered the Subject Premises with the intent to access and enjoy the goods and services offered at AGAVE 31. During his visit, Plaintiff encountered architectural barriers that interfered with his ability to independently and equally utilize the restaurant's dining facilities, bar area, and other accommodations. These barriers included insufficient maneuvering clearance at the entrance vestibule, inaccessible dining surfaces, and noncompliant restroom facilities, which restricted his ability to fully enjoy the dining and social experience available to customers without disabilities.

**22.** Plaintiff remains interested in returning to AGAVE 31 to dine, socialize, and spend time with his family members. Because Plaintiff regularly stays with his cousins approximately three days per week and frequents the surrounding Astoria area at least twice per week, he has frequent and ongoing opportunities to return to the Subject Premises. Plaintiff intends to return to AGAVE 31 as soon as the architectural barriers are removed and the restaurant is made accessible to individuals who use wheelchairs. His intent to return is genuine, concrete, and ongoing, particularly given his established pattern of spending time in the immediate vicinity of the Subject

Premises.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**23.** Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

**24.** Defendants, FIFTH CONNECTION REALTY, INC. and CAFE DE COLOMBIA DELIGHTS INC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**25.** FIFTH CONNECTION REALTY, INC., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**26.** CAFE DE COLOMBIA DELIGHTS INC, as the owner and/or operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**27.** Plaintiff personally visited and entered the Subject Premises and encountered architectural barriers that interfered with his ability to independently and equally access the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-

CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**28.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrance and Accessible Routes</u>**

**i. Entrance Vestibule Lacks Required Door Maneuvering Clearance.**
The entrance vestibule does not provide the required maneuvering clearance at the exterior side of the second entrance door. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair, independently operate the door, and maneuver through the entrance. This condition violates the 2010 ADA Standards §§ 206.4, 404.2.4, and 404.2.4.1. Reconfiguring the entrance vestibule to provide compliant door maneuvering clearance is readily achievable.

**ii. Entrance Vestibule Lacks Required Clearance Between Doors.**
The two doors in series at the restaurant entrance do not provide the required minimum separation of 48 inches plus the width of any door swinging into the intervening space. The insufficient separation prevents Plaintiff from safely maneuvering his wheelchair between the doors and independently entering or exiting the restaurant. This condition violates the 2010 ADA Standards § 404.2.6. Reconfiguring the entrance vestibule to provide compliant separation between the doors is readily achievable.

**<u>Bar Area</u>**

**iii. Bar Counter Lacks a Compliant Accessible Section.**
The bar counter exceeds the maximum permitted accessible height of 34 inches, lacks the required toe clearance, and does not provide the required accessible portion for wheelchair users. These conditions prevent Plaintiff from positioning his wheelchair at the bar and

independently obtaining food and beverage services in a manner comparable to other patrons. These conditions violate the 2010 ADA Standards §§ 226.1, 902.2, 902.3, and 306.2. Modifying the bar counter to provide a compliant accessible section with the required height and clearance is readily achievable.

**Dining Area**

**iv. Dining Area Lacks the Required Number of Accessible Dining Surfaces.**
The dining area does not provide the required minimum percentage of accessible dining surfaces. The existing table configurations prevent Plaintiff from independently accessing dining surfaces while seated in his wheelchair. This condition violates the 2010 ADA Standards §§ 226.1 and 902. Providing the required number of compliant accessible dining tables is readily achievable.

**v. Dining Tables Lack Required Knee and Toe Clearance.**
The dining tables do not provide the required knee and toe clearance beneath the dining surfaces. The insufficient clearance prevents Plaintiff from positioning his wheelchair beneath the tables and independently using the dining surfaces. These conditions violate the 2010 ADA Standards §§ 902.2, 306.2, and 306.3. Modifying or replacing the affected tables to provide compliant knee and toe clearance is readily achievable.

**Men's Restroom**

**vi. Restroom Lacks Required Accessible Signage.**
The men's restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with Plaintiff's ability to independently identify the restroom. This condition violates the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**vii. Restroom Door Lacks Required Clear Opening Width.**
The men's restroom door does not provide the minimum required clear opening width of 32 inches. The insufficient width interferes with Plaintiff's ability to pass through the doorway while using his wheelchair. This condition violates the 2010 ADA Standards § 404.2.3. Modifying or replacing the restroom door and doorway to provide the required clear opening width is readily achievable.

**viii. Restroom Door Lacks Required Maneuvering Clearance.**
The men's restroom door does not provide the required maneuvering clearance for wheelchair users. The insufficient clearance interferes with Plaintiff's ability to approach, open, and maneuver through the restroom doorway. This condition violates the 2010 ADA Standards §§ 404.2.4 and 404.2.4.1. Reconfiguring the doorway and surrounding area to provide compliant maneuvering clearance is readily achievable.

**ix. Restroom Lacks Required Wheelchair Turning Space.**
The men's restroom does not provide the required minimum wheelchair turning space. The

insufficient space prevents Plaintiff from independently turning and repositioning his wheelchair within the restroom. This condition violates the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**x. Lavatory Lacks Required Clear Floor Space.**
The men's restroom lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with Plaintiff's ability to position his wheelchair at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory and surrounding area to provide compliant clear floor space is readily achievable.

**xi. Lavatory Exceeds the Maximum Permitted Height.**
The lavatory is mounted above the maximum permitted height of 34 inches, measured from the finished floor to the higher of the lavatory rim or countertop. The excessive height interferes with Plaintiff's ability to independently reach and use the lavatory while seated in his wheelchair. This condition violates the 2010 ADA Standards § 606.3. Lowering or replacing the lavatory to provide a compliant accessible height is readily achievable.

**xii. Lavatory Lacks Required Knee Clearance.**
The lavatory does not provide the required knee clearance beneath the sink because of the existing cabinet structure. The obstruction prevents Plaintiff from positioning his wheelchair beneath the lavatory and independently using the sink. This condition violates the 2010 ADA Standards §§ 306.3 and 606.2. Modifying or replacing the lavatory cabinet to provide compliant knee clearance is readily achievable.

**xiii. Lavatory Has Exposed and Uninsulated Pipes.**
The water supply and drain pipes beneath the lavatory are exposed and lack the required insulation or protective covering. These conditions expose Plaintiff's legs to potential contact with the plumbing while using the lavatory from his wheelchair. This condition violates the 2010 ADA Standards § 606.5. Insulating or otherwise protecting the exposed pipes is readily achievable.

**xiv. Paper Towel Dispenser Exceeds the Maximum Permitted Reach Height.**
The paper towel dispenser in the men's restroom is mounted above the maximum permitted accessible reach height. The excessive height interferes with Plaintiff's ability to independently reach and use the dispenser while seated in his wheelchair. This condition violates the 2010 ADA Standards §§ 308.2 and 308.3. Relocating the paper towel dispenser to a compliant accessible height is readily achievable.

**xv. Restroom Mirror Exceeds the Maximum Permitted Height.**
The restroom mirror is mounted above the maximum permitted accessible height, with the bottom edge of the reflecting surface exceeding 40 inches above the finished floor. The excessive height interferes with Plaintiff's ability to independently use the mirror while seated in his wheelchair. This condition violates the 2010 ADA Standards § 603.3.

Lowering or replacing the mirror to provide a compliant accessible height is readily achievable.

**xvi. Water Closet Lacks Required Clear Floor Space.**
The water closet does not provide the required minimum clearance of 60 inches measured perpendicular from the side wall and 56 inches measured perpendicular from the rear wall. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair alongside the water closet and safely transfer between his wheelchair and the water closet. This condition violates the 2010 ADA Standards §§ 604.3 and 604.3.1. Reconfiguring the restroom to provide compliant water closet clearance is readily achievable.

**xvii. Water Closet Lacks Required Grab Bars.**
The water closet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives Plaintiff of the support and stability necessary to safely transfer between his wheelchair and the water closet. These conditions violate the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**Women's Restroom**

**xviii. Restroom Lacks Required Accessible Signage.**
The women's restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with the ability of individuals with disabilities to independently identify the restroom. This condition violates the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**xix. Restroom Door Lacks Required Maneuvering Clearance.**
The women's restroom door does not provide the required maneuvering clearance for wheelchair users. The insufficient clearance interferes with the ability of wheelchair users to independently approach, open, and maneuver through the restroom doorway. This condition violates the 2010 ADA Standards §§ 404.2.4 and 404.2.4.1. Reconfiguring the doorway and surrounding area to provide compliant maneuvering clearance is readily achievable.

**xx. Restroom Door Swings into the Required Water Closet Clearance.**
The women's restroom door swings into the clear floor space required at the water closet. This encroachment interferes with the ability of wheelchair users to position themselves alongside the water closet and safely transfer between their wheelchairs and the water closet. This condition violates the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door swing to preserve the required water closet clearance is readily achievable.

**xxi. Lavatory Lacks Required Clear Floor Space.**
The women's restroom lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with the ability of wheelchair users to position themselves at the lavatory and

independently use the sink. This condition violates the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory and surrounding area to provide compliant clear floor space is readily achievable.

**xxii. Lavatory Lacks Required Knee Clearance.**
The lavatory does not provide the required knee clearance beneath the sink. The existing configuration obstructs the space necessary for wheelchair users to position themselves beneath the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 306.3 and 606.2. Modifying or replacing the lavatory to provide compliant knee clearance is readily achievable.

**xxiii. Lavatory Has Exposed and Uninsulated Pipes.**
The water supply and drain pipes beneath the lavatory are exposed and lack the required insulation or protective covering. These conditions expose wheelchair users' legs to potential contact with the plumbing while using the lavatory. This condition violates the 2010 ADA Standards § 606.5. Insulating or otherwise protecting the exposed pipes is readily achievable.

**xxiv. Restroom Mirror Exceeds the Maximum Permitted Height.**
The restroom mirror is mounted above the maximum permitted accessible height. The excessive height interferes with the ability of wheelchair users to independently use the mirror while seated in their wheelchairs. This condition violates the 2010 ADA Standards § 603.3. Lowering or replacing the mirror to provide a compliant accessible height is readily achievable.

**xxv. Water Closet Grab Bars Do Not Meet Required Minimum Lengths.**
The existing rear wall and side wall grab bars at the water closet do not meet the required minimum lengths. The rear wall grab bar is shorter than the required 36 inches, and the side wall grab bar is shorter than the required 42 inches. These conditions interfere with the ability of wheelchair users to obtain adequate support and stability when transferring between their wheelchairs and the water closet. These conditions violate the 2010 ADA Standards §§ 604.5.1 and 604.5.2. Replacing the existing grab bars with compliant grab bars of the required lengths and positioning is readily achievable.

**xxvi. Toilet Paper Dispenser is Improperly Positioned.**
The toilet paper dispenser is not positioned within the required distance of 7 to 9 inches in front of the water closet, measured to the centerline of the dispenser. The improper positioning interferes with the ability of wheelchair users to independently reach and use the toilet paper dispenser while seated on the water closet. This condition violates the 2010 ADA Standards § 604.7. Relocating the toilet paper dispenser to a compliant position is readily achievable.

**29.** Plaintiff has accessed the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The

physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**30.** Plaintiff regularly frequents the Astoria area of Queens, New York, where his cousins reside, and stays at their residence approximately three days per week. Plaintiff visits the surrounding neighborhood at least twice per week for dining, shopping, recreation, and socializing with family members. The Subject Premises is located approximately thirteen minutes from his cousins' residence and is within an area that Plaintiff routinely frequents. Plaintiff intends to return to the Subject Premises as soon as the architectural barriers identified herein are remediated and he can independently access and enjoy the goods and services offered therein.

**31.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**32.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**33.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**34.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and

closing the Subject Premises until the requisite modifications are completed.

**35.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com